# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DEREK FRANK LATIMER, | CASE NO. 05cv2090 JM(JMA) |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |
| vs. | |
| WILLIAM B. KOLENDER; COUNTY OF SAN DIEGO, et al. | |
| Defendants. | |

Defendants William B. Kolender ("Kolender") and the County of San Diego ("County") move to dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not filed an opposition to the motion to dismiss. The newly joined defendants identified in the SAC (Dennis Runyen, Earl Goldstein, Beverly Orr, Kama Gulluma, Arun Swaminath, G. Garcia, Neath Sneathins, Balcita Abalcish, Joshua Lee, and James Adams) have yet to be served in this action and have not filed a response to the motion to dismiss. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted with 30 days leave to amend from the date of entry of this order.

## BACKGROUND

On November 9, 2005 Plaintiff commenced this civil rights action alleging that Defendants were deliberately indifferent to his serious medical needs during his incarceration at the George Bailey

Detention Facility from August 2004 to January 2005. (SAC at p.3). The court sua sponte dismissed the original complaint pursuant to the screening provisions of 28 U.S.C. §1915(e)(2). On January 2, 2008 the court granted Kolender and County's ("Moving Defendants") motion to dismiss the first amended complaint with leave to amend.

Plaintiff alleges that Moving Defendants violated his right to medical care and thereby subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff alleges that the County exercises control over the jail and deprived him of adequate medical care because of budget constraints and overcrowding. (Id. at p.3). Consequently, "due to jail overcrowding [Plaintiff] was not administered immediate medical care and treatment because jail overcrowding and budget constraints prevented [him] from gaining access to jail infirmary housing." (Id. at p.4).

Upon his arrest and transport to the detention facility, Plaintiff alleges that he experienced shortness of breath due to his medical conditions, which include deep vein thrombosis, a stasis ulcer and brawny edema. He had not taken his anticoagulant medication for deep-vein thrombosis in over two days. (Id. at 4). He alleges that he required immediate hospitalization but was sent to a holding cell for a period of 12 hours before being seen by a physician. (Id. at p.7). "As a result of Defendants' deprivation of [his] constitutional rights (aforementioned) [Plaintiff] has suffered permanent harm including, shortness of breath, increased swelling, tenderness and pain in [his] legs, loss of feeling in three of [his] toes, an increase in the size of a stasis ulcer on [his] left ankle (threefold), loss of short term memory, and emotional distress." (Id. at pp. 4-5).

Defendant Kolender is alleged to exercise supervisory control over the County's jails and is "in charge over the inmate population incarcerated in the" jail. (Id. at p.5). Kolender deprived him of his rights to medical cared due to overcrowding and budget constraints. (Id.). The overcrowding and budget constraints also violated his Eight Amendment rights to be free from cruel and unusual punishment.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Kolender and County move to dismiss the complaint on grounds that Plaintiff fails to adequately allege a cognizable constitutional violation and that there is no supervisory liability under 42 U.S.C. §1983).

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Constitutional Violation**

Moving Defendants argue that Plaintiff fails to state a constitutional violation and therefore fails to state a claim against them. Plaintiff argues that the delay or denial of medical care violated his Eight Amendment right to be free from cruel and unusual punishment. The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). This principle "establish[ed] the government's obligation to provide medical care for those whom it is punishing by incarceration." Id. The Supreme Court has noted that "[a]n inmate must rely on prison

1 authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." Id.;
2 West v. Atkins, 487 U.S. 42, 54-55 (1988). In the Ninth Circuit, this obligation extends even beyond
3 the prison gates. See Wakefield v. Thompson, 177 F.3d 1160, 1164 (9th Cir. 1999) (finding that the
4 state "must provide an outgoing prisoner who is receiving and continues to require medication with
5 a supply sufficient to ensure that he has that medication available during the period of time reasonably
6 necessary to permit him to consult a doctor and obtain a new supply.").

7 Prison officials violate a prisoner's Eighth Amendment right to be free from cruel and unusual
8 punishment if they are deliberately indifferent to the prisoner's serious medical needs. Estelle v.
9 Gamble, 429 U.S. 97, 106 (1976); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).
10 "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury state a
11 cause of action under § 1983." Estelle, 429 U.S. at 105. "This is true whether the indifference is
12 manifested by prison doctors in their response to the prisoner's needs, or by prison guards in
13 intentionally denying or delaying access to medical care or intentionally interfering with the treatment
14 once prescribed." Id. at 104-05 (footnotes omitted).

15 "In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that
16 prison officials acted with a culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 302 (1991). The
17 indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or
18 even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106;
19 Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal
20 standard.") (citing Hallett v. Morgan, 296 F.3d 732, 1204 (9th Cir. 2002); Wood v. Housewright, 900
21 F.2d 1332, 1334 (9th Cir. 1990)).

22 The court must focus on the seriousness of the prisoner's medical needs and the nature of the
23 defendants' response to those needs. See McGuckin, 974 F.2d at 1059. Differences in judgment
24 between an inmate and prison medical personnel regarding appropriate medical diagnosis and
25 treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240,
26 242 (9th Cir. 1989).

27 Here, the court concludes that Plaintiff may be able to state a potential claim against defendant
28 Beverly Orr, R.N. Plaintiff alleges that he met with defendant Orr on the night he was admitted to jail

and informed her of his serious medical conditions (deep-vein thrombosis, shortness of breath, difficulty breathing, swollen legs, an ulcer, and pain). (SAC at p.10). During this time, Plaintiff generally alleges that he "was in and out of consciousness." (Id. at p.11:3). It is unclear from the allegations whether Plaintiff's alleged state of unconsciousness occurred when he was present before defendant Orr. During the 12 hour period that Plaintiff was placed in a holding cell, and prior to his visit with a physician, Plaintiff alleges that he suffered "permanent harm including shortness of breath, painful swelling in [the] legs, an increase in size of a stasis ulcer on [his] left ankle, loss of feeling in three left toes, loss of short term memory, and emotional distress." (Id. at p.12:8-12). The premise and reasonable inferences from these allegations, seen in the best light for Plaintiff, are that Plaintiff's medical crisis may have occurred in the presence of defendant Orr who, with deliberate indifference over the course of many hours, ignored Plaintiff and his need for immediate medical attention. To the extent Moving Defendants' motion to dismiss is premised upon the failure to state a claim against the unserved defendants identified in the SAC under any circumstance, the court concludes that these allegations are sufficient to establish deliberate indifference to Plaintiff's serious medical needs based upon the same factual theory advanced against defendant Orr.[1]

In sum, the court denies this portion of Moving Defendants' motion to dismiss.

**Defendants County and Kolender**

Under 42 U.S.C. § 1983, "[e]very person" who acts under color of state law may be sued. Subject to the immunities discussed in the following section, the term "person" has been interpreted broadly, even to include cities, counties, and other local government entities. See Monell v. New York City Department of Social Services, 436 U.S. 658 (1978).

Municipalities, their agencies and their supervisory personnel cannot be held liable under section 1983 on any theory of respondeat superior or vicarious liability. They can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs. See Monell, 436 U.S. at 691-693; Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001);

---

[1] In light of the tentativeness of the allegation that Plaintiff was unconscious for a portion of the time, the court requests that Plaintiff, upon filing an amended complaint as more fully set forth herein, further clarify whether defendant Orr, and/or other defendants, were aware of his medical conditions, including Plaintiff's alleged state of unconsciousness.

1  Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir. 1986).  "A §
2  1983 action against a city fails as a matter of law unless a city employee's conduct violates one of the
3  plaintiff's federal rights."  Orin, 272 F.3d at 1217.

4  Locating a "policy" ensures that a municipality "is held liable only for those deprivations
5  resulting from the decisions of its duly constituted legislative body or of those officials whose acts
6  may be fairly said to be those of the municipality."  Board of the County Comm'rs of Bryan County,
7  Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell, 436 U.S. at 694).  Similarly, an act
8  performed pursuant to a "custom" which has not been "formally approved by an appropriate
9  decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is
10 so widespread as to have the force of law."  Id. (citing Monell, 436 U.S. at 690-691); see
11 also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (holding that municipal liability under
12 § 1983 may be shown if Plaintiff proves that employee committed alleged constitutional violation
13 pursuant to a "longstanding practice or custom which constitutes the 'standard operating procedure'
14 of the local government entity.").

15 In cases in which a plaintiff alleges there is an official policy authorizing or condoning
16 unconstitutional acts, the Supreme Court has held that to prevail a plaintiff must demonstrate an
17 "affirmative link" between his or her deprivation and "the adoption of [a] plan or policy by [the
18 supervisors]--express or otherwise--showing their authorization or approval of such misconduct."
19 Bergquist v. County of Cochise, 806 F.2d 1364, 1369-1370 (9th Cir. 1986) (quoting Rizzo v. Goode,
20 423 U.S. 362, 370-371 (1976)).  This causal prerequisite was made clear by the Supreme Court in
21 Board of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397 (1997): "it is not
22 enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . .
23 . [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the
24 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was
25 taken with the requisite degree of culpability and must demonstrate a causal link between the
26 municipal action and the deprivation of federal rights."  Id. at 404 (italics in original).

27 Here, Plaintiff generally alleges that Moving Defendants maintained overcrowded conditions
28 which led to the deprivation of adequate medical care when he was placed in a holding cell for 12

1 hours before he saw a physician. (SAC at p.4). These allegations fall short of stating a §1983 claim against the County. There is no supervisory liability under §1983, and Plaintiff fails to identify any personal involvement of Moving Defendants in the underlying alleged wrongs. Palmer v. Sanderson, 9 F.3d 1433, 1437 (9th Cir. 1993). Plaintiff also simply fails to identify any policy, custom, or practice to delay medical care. Generalized conclusory allegations of overcrowding and budget constraints are insufficient to state a claim against either Moving Defendant.

In sum, to the extent that Plaintiff seeks to establish a §1983 violation against the County or Kolender premised upon official custom, practice or policy, in either their official or individual capacity, the court grants the motion. The court also grants Plaintiff one last opportunity to file an amended complaint. Plaintiff is instructed to file and serve the third amended complaint within 30 days of entry of this order.

**IT IS SO ORDERED.**

DATED: June 3, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:       All parties