UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK FRANK LATIMER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WILLIAM B. KOLENDER, et al.,<br><br>　　　　Defendants. | Case No. 05-CV-2090-JM (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY**<br><br>**[Doc. No. 99]** |

　　　　On July 9, 2009, *nunc pro tunc* July 2, 2009, Plaintiff filed a "Motion for Order Compelling Discovery," requesting that Defendants' counsel disclose the addresses of the remaining un-served defendants for the purpose of serving those defendants. [Doc. 99]. The Court accepted the motion for filing via Discrepancy Order and further ordered Defendants to file a response by July 22, 2009 [Doc. No. 98].

　　　　Defendants filed a response on July 20, 2009 stating that Corazon Roque and Julie Glover are currently employed by the County of San Diego. [Doc. No. 101]. However, neither Corazon Roque nor Julie Glover was named as a defendant in the Fourth Amended Complaint filed on January 6, 2009 [Doc. No. 84]. The Court issued an Order on July 21, 2009 requiring Defendants to identify whether any of the remaining seven unserved Defendants -- Dr. Kama Gulluma, Dr. Arun Swaminath, Dr. Neath

1 | Sneathin, Balcita Abalchish, RN, Dr. Paulo Guillinta, Dr. Joshua Lee, or Dr. James
2 | Adams – were currently or formerly employed by the County of San Diego. [Doc. 102].
3 |     On July 23, 2009, Defendants filed a Response indicating that nurse Alicia
4 | Balcita (named as "Balcita Abalchish, RN" in the Fourth Amended Complaint) is
5 | currently employed by the County of San Diego at the George Bailey Detention Facility,
6 | but that the remaining six doctor defendants have never been employed by the County.
7 | Defendants stated that such doctors are typically employed by the University of
8 | California San Diego ("UCSD"). [Doc. 103]  Accordingly, it is **HEREBY ORDERED** that:
9 |     1. Plaintiff's motion to compel is **GRANTED IN PART**.  Defendants have already
10 | provided Plaintiff with the address/location of nurse Alicia Balcita, the only remaining
11 | unserved defendant employed or formerly employed by the County.   Plaintiff may
12 | request the U.S. Marshall to effect service on Balcita at the George Bailey Detention
13 | Facility.[1]
14 |     2. Plaintiff's motion to compel is **DENIED IN PART**.  County Counsel has no
15 | obligation to provide addresses for the remaining six defendants who were not
16 | employed by the County, but instead were likely employed by UCSD.
17 | DATED:  July 24, 2009

_____
Jan M. Adler
U.S. Magistrate Judge

---

[1] "[A]n incarcerated pro se plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service of process is automatically good cause within the meaning of Fed. R. Civ. P. 4(m). *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by *Sandin v. Conner*, 515 U.S. 472, 483-85 (1995).