# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK FRANK LATIMER, | CASE NO. 05cv2090 JM(JMA) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |
| vs. | |
| WILLIAM B. KOLENDER; COUNTY OF SAN DIEGO, et al. | |
| Defendants. | |

Defendants Beverly Orr, George Garcia, Earl Goldstein and Dennis Runyen move to dismiss Plaintiff's Fourth Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion to dismiss. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

On November 9, 2005 Plaintiff commenced this civil rights action alleging that Defendants were deliberately indifferent to his serious medical needs during his incarceration at the George Bailey Detention Facility from August 2004 to January 2005. (FAC at p.9). Plaintiff's FAC is based upon the following allegations.

Plaintiff alleges that he suffers from server medical conditions consisting of deep

vein thrombosis, complications of brawny edema, a stasis ulcer, and venous insufficiency. (FAC at p.5). His medical conditions allegedly cause swollen extremities and he is prone to blood clots. Id. Plaintiff takes several medications for his medical conditions. Id. He has suffered three previous pulmonary embolisms. Id.

Plaintiff was arrested on August 20, 2004 and transported to the San Diego County Jail. As a part of the booking process, Plaintiff was interviewed by a nurse, Defendant Beverly Orr. Plaintiff informed her that he suffered from deep vein thrombosis, a stasis ulcer, his swollen legs were tender and painful, he was having difficulty breathing and feeling lethargic. Id. at p.6. He also informed Defendant Orr that he had not been taking care of himself and that he had not taken his medications for several days. Id. Defendant Off then ordered Plaintiff placed in a holding cell. Plaintiff alleges that established protocol called for her to make sure that he was "immediately seen by medical staff," and that she deliberately ignored the protocols. Plaintiff alleges that the failure to obtain immediate medical attention resulted in permanent harm, including shortness of breath, painful swelling in his legs, an increase in the size of his stasis ulcer, loss of feeling in three toes, short-term memory loss, and emotional distress. Id. at p. 15.

After being moved to several different holding cells and after about 12 hours from the time of admission, he was sent to the Central Infirmary. Id. at p.7. While in the infirmary he was seen by a nurse and two doctors, he explained his medical conditions, and told them that he believed that he was having a pulmonary embolism. "During this time I was never given a medical exam including exrays (sic), ultra sound, and a CAT scan, all of which are standard procedures for treating someone with my condition." Id. He was then returned to a holding cell

After a period of time, he spoke with the Classification and Housing Sergeant and told him that he "needed immediate attention because [he] was on conscious (sic) for extended periods of time and was having difficulty breathing." Id. His request to be housed in the Infirmary was denied. Instead, Plaintiff was placed with the general

1  population. Within a day or two he received further medical attention.

2  Defendant Dennis W. Runyen is the Assistant Head Sheriff. Plaintiff alleges that
3  his duties include overseeing the daily operation of the jail. "Defendant Runyen is sued
4  for violating my constitutional right to medical treatment, and for violating my right to
5  be free from cruel and unusual punishment." Id. at p.9. During the time he was
6  incarcerated, he alleges that the jail was overcrowded and that Defendant Runyen failed
7  to provide adequate housing and medical care. He also alleges that Defendant Runyen
8  "had direct involvement in the decision to override the policy of making sure that I get
9  adequate treatment for a life endangering illness." Id. at p.10.

10  Defendant Goldstein is the alleged Chief Medical Officer over San Diego County
11  Jails. Id. at p.12. Defendant Goldstein's duties allegedly include supervising, directing,
12  and training of medical staff at the County jails. Defendant alleges that during his time
13  in incarceration he was never provided with an x ray, cat scan, or ultrasound. "As a
14  result of this negligence, I have suffered further permanent harm including shortness
15  of breath, loss of short term memory, an enlarged stasis ulcer, pain, and blood swelling
16  in my legs, loss of feeling in three of my left toes, and much emotional distress." Id.
17  at p.14.

18  Defendant Garcia is a Classification sergeant employed by the Sheriff's
19  Department. Plaintiff allegedly informed Defendant Garcia of his medical condition,
20  his failure to take medication for several days prior to his arrest, and that he was
21  experiencing periods of unconsciousness. In alleged violation of existing protocols,
22  Defendant Garcia denied Plaintiff's request to be housed in the infirmary and informed
23  Plaintiff to file a medical appeal. One day after filing a medial appeal he was
24  transferred "to GBDF." Id. at p.18. "As a result of [Defendant Garcia's] negligence,
25  [Plaintiff] has suffered permanent harm." Id.

26  Based upon the above generally described conduct, Plaintiff alleges that
27  Defendants violated his right to adequate medical care and thereby subjected him to
28  cruel and unusual punishment in violation of the Eighth Amendment.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Constitutional Violation**

Moving Defendants argue that Plaintiff fails to state a constitutional violation and therefore fails to state a claim against them. Plaintiff argues that the delay or denial of medical care violated his Eight Amendment right to be free from cruel and unusual punishment. The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). This principle "establish[ed] the government's obligation to provide medical care for those whom it is punishing by incarceration." Id. The Supreme Court has noted that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." Id.; West v. Atkins, 487 U.S. 42, 54-55 (1988).

Prison officials violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment if they are deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs, or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05 (footnotes omitted).

"In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. Estelle, 429 U.S. at 106; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing Hallett v. Morgan, 296 F.3d 732, 1204 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

The court must focus on the seriousness of the prisoner's medical needs and the nature of the defendants' response to those needs. See McGuckin, 974 F.2d at 1059. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Defendants Runyen and Goldstein

Plaintiff alleges that Assistant Sheriff Runyen and Medical Director Golstein, M.D., oversee the operations at the County Jail. Municipalities, their agencies and their supervisory personnel cannot be held liable under section 1983 on any theory of respondeat superior or vicarious liability. They can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs. See Monell, 436 U.S. at 691-693; Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir. 1986). "A § 1983 action against a city fails as a matter of law unless a city employee's conduct violates one of the plaintiff's federal rights." Orin, 272 F.3d at 1217.

Requiring as a predicate, a "policy" ensures that a municipality "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." Board of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell, 436 U.S. at 694). Similarly, an act performed pursuant to a "custom" which has not been "formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. (citing Monell, 436 U.S. at 690-691); see also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (holding that municipal liability under § 1983 may be shown if Plaintiff proves that employee committed alleged constitutional violation pursuant to a "longstanding practice or custom which constitutes the 'standard operating procedure'

of the local government entity.").

In cases in which a plaintiff alleges there is an official policy authorizing or condoning unconstitutional acts, the Supreme Court has held that to prevail a plaintiff must demonstrate an "affirmative link" between his or her deprivation and "the adoption of [a] plan or policy by [the supervisors]--express or otherwise--showing their authorization or approval of such misconduct." Bergquist v. County of Cochise, 806 F.2d 1364, 1369-1370 (9th Cir. 1986) (quoting Rizzo v. Goode, 423 U.S. 362, 370-371 (1976)). This causal prerequisite was made clear by the Supreme Court in Board of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397 (1997): "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." Id. at 404 (italics in original).

Here, the court concludes that Plaintiff fails to state a claim against Defendants Runyen and Goldstein. Plaintiff contends, in essence, that these individuals have supervisory authority over the County Jail and the medical facilities offered at the jail and therefore are liable for his alleged injuries. These allegations fall woefully short of stating a claim that these individuals are personally liable for the alleged inadequate medical care. The court similarly finds unavailing Plaintiff's conclusion that he received inadequate medical care because of allegations that the County Jail is overcrowded and the medical facilities inadequate. As noted in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

In sum, the court grants the motion to dismiss of Defendants Runyen and Goldstein.

Defendants Orr and Garcia

Here, the court concludes that Plaintiff states a claim against defendant Orr but not against Defendant Garcia. Plaintiff alleges that he met with defendant Orr on the night he was admitted to jail and informed her of his serious medical conditions (deep-vein thrombosis, difficulty breathing, swollen legs, an stasis ulcer, and pain). FAC at p.15). During this time, Plaintiff alleges that he told Defendant Orr that he was in and out of consciousness and having difficulty breathing. Id. During the 12 hour period that Plaintiff was placed in a holding cell, and prior to his visit with a physician, Plaintiff alleges that he suffered "permanent harm including shortness of breath, painful swelling in [the] legs, an increase in size of a stasis ulcer, loss of feeling in three left toes, loss of short term memory, and emotional distress." Id. Further, Plaintiff alleges that Defendant Orr violated County Jail protocols when she immediately failed to refer him to medical staff for treatment of his serious medical condition. Viewing these allegations in the best light to Plaintiff, the court denies the motion to dismiss of Defendant Off.

With respect to Defendant Garcia, Plaintiff alleges this Defendant negligently failed to refer him for medical treatment. Id. at p. 18. As negligence fails to establish the deliberate indifference standard required to state a claim, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the court grants Defendant Garcia's motion to dismiss.

In sum, the court grants in part and denies in part Defendants motion to dismiss. The court grants the motion to dismiss of Defendants Runyen, Goldstein and Garcia but denies the motion to dismiss of Defendant Orr. Defendant Orr is instructed to file an answer within 15 days of entry of this order.

**IT IS SO ORDERED.**

DATED: August 28, 2009

Hon. Jeffrey T. Miller
United States District Judge

cc:   All parties
      Magistrate Judge Adler