# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK FRANK LATIMER, | CASE NO. 05cv2090 JM(JMA) |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| vs. | |
| WILLIAM B. KOLENDER; COUNTY OF SAN DIEGO, et al. | |
| Defendants. | |

Defendant Alicia Balcita, erroneously sued as Balcita Abalcish, moves to dismiss Plaintiff's Fourth Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file an opposition to the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, and based upon Plaintiff's failure to file an opposition or statement of non-opposition as required by L.R. 7.1(e)(2), the motion to dismiss is granted.

## BACKGROUND

On November 9, 2005 Plaintiff commenced this civil rights action alleging that Defendants were deliberately indifferent to his serious medical needs during his incarceration at the George Bailey Detention Facility from August 2004 to January 2005. (FAC at p.9). Plaintiff's FAC is based upon the following allegations.

1 Plaintiff alleges that he suffers from several medical conditions consisting of deep vein thrombosis, complications of brawny edema, a stasis ulcer, and venous insufficiency. (FAC at p.5). His medical conditions allegedly cause swollen extremities and he is prone to blood clots. Id. Plaintiff takes several medications for his medical conditions. Id. He has suffered three previous pulmonary embolisms. Id.

Plaintiff was arrested on August 20, 2004 and transported to the San Diego County Jail. As a part of the booking process, Plaintiff was interviewed by a nurse, Defendant Beverly Orr. Plaintiff informed her that he suffered from deep vein thrombosis, a stasis ulcer, his swollen legs were tender and painful, he was having difficulty breathing and feeling lethargic. Id. at p.6. He also informed Defendant Orr that he had not been taking care of himself and that he had not taken his medications for several days. Id. Defendant Off then ordered Plaintiff placed in a holding cell. Plaintiff alleges that established protocol called for her to make sure that he was "immediately seen by medical staff," and that she deliberately ignored the protocols. Plaintiff alleges that the failure to obtain immediate medical attention resulted in permanent harm, including shortness of breath, painful swelling in his legs, an increase in the size of his stasis ulcer, loss of feeling in three toes, short-term memory loss, and emotional distress. Id. at p. 15.

After being moved to several different holding cells and after about 12 hours from the time of admission, he was sent to the Central Infirmary. Id. at p.7. While in the infirmary he was seen by a nurse and two doctors, he explained his medical conditions, and told them that he believed that he was having a pulmonary embolism. "During this time I was never given a medical exam including exrays (sic), ultra sound, and a CAT scan, all of which are standard procedures for treating someone with my condition." Id. He was then returned to a holding cell

After a period of time, he spoke with the Classification and Housing Sergeant and told him that he "needed immediate attention because [he] was on conscious (sic) for extended periods of time and was having difficulty breathing." Id. His request to be

1  housed in the Infirmary was denied.  Instead, Plaintiff was placed with the general
2  population.  Within a day or two he received further medical attention.
3      Based upon the above generally described conduct, Plaintiff alleges that
4  Defendants violated his right to adequate medical care and thereby subjected him to
5  cruel and unusual punishment in violation of the Eighth Amendment.
6
7                              **DISCUSSION**
8  **Legal Standards**
9      Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in
10 "extraordinary" cases.  <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir.
11 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a
12 "cognizable legal theory" or sufficient facts to support a cognizable legal theory.
13 <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  Courts should
14 dismiss a complaint for failure to state a claim when the factual allegations are
15 insufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp</u>
16 <u>v. Twombly</u>, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must
17 "plausibly suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 129 S.Ct.
18 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court
19 to infer the mere possibility of misconduct).  "The plausibility standard is not akin to
20 a 'probability requirement,' but it asks for more than a sheer possibility that a defendant
21 has acted unlawfully."  <u>Id.</u> at 1949.  Thus, "threadbare recitals of the elements of a
22 cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u>  The
23 defect must appear on the face of the complaint itself.  Thus, courts may not consider
24 extraneous material in testing its legal adequacy.  <u>Levine v. Diamanthuset, Inc.</u>, 950
25 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly
26 submitted as part of the complaint.  <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>,
27 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).
28     Finally, courts must construe the complaint in the light most favorable to the

plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion to Dismiss**

Defendant Balcita moves to dismiss the complaint for failure to state a claim. Plaintiff's claim arises from the alleged delay or denial of medical care in violation of the Eight Amendment right to be free from cruel and unusual punishment. The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). This principle "establish[ed] the government's obligation to provide medical care for those whom it is punishing by incarceration." Id. The Supreme Court has noted that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." Id.; West v. Atkins, 487 U.S. 42, 54-55 (1988).

As set forth in previous orders, prison officials violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment if they are deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs, or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05 (footnotes omitted).

"In order to show deliberate indifference, an inmate must allege sufficient facts

1 to indicate that prison officials acted with a culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 302 (1991).  The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation.  Estelle, 429 U.S. at 106; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing Hallett v. Morgan, 296 F.3d 732, 1204 (9th Cir. 2002); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Here, Plaintiff simply alleges that Nurse Balcita, the individual who saw Plaintiff five days after he received medical treatment from five staff and physicians at the San Diego County Jail, (FAC at pp.16-17, 19, 21-24), was grossly negligent in failing to immediately send him to a hospital or infirmary to receive medical treatment. (FAC at pp. 20-21).  Plaintiff alleges that he told Defendant Balcita that when he arrived at the George Bailey detention center that he suffered from deep vein thrombosis and was having "bouts with shortness of breath that were similar to the pulmonary embolisms [he] had in the past." (FAC at p.20:21-22).  According to Plaintiff, Defendant Balcita was grossly negligent in sending him to the general population non-medical dormitory, "that was overcrowded, and forced to be housed on the top part of a tripple (sic) bunk," instead of an infirmary or hospital.  (FAC at p.20:25.  These allegations fail to go beyond the plausibility standard set forth in Ashcroft v. Iqbal, 129 S.Ct. 1937(under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949.  The fact that Plaintiff alleges he was seen by five different doctors within days of his transfer to the Bailey Detention center undermines Plaintiff's central allegation that Nurse Balcita should have overruled the opinions of medical professionals and admitted Plaintiff to the hospital, something Plaintiff's treating physicians allegedly did not do.  (FAC at pp.16-17, 19, 21-24).  These "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1  do not suffice" to state a claim.  Id.  Moreover, differences in judgment between
2  Plaintiff and prison medical personnel regarding appropriate medical diagnosis and
3  treatment are not enough to establish deliberate indifference, Sanchez v. Vild, 891 F.2d
4  240, 242 (9th Cir. 1989), nor do allegations of gross negligence satisfy the deliberate
5  indifference standard.  Estelle, 429 U.S. at 106.

6  In sum, the court grants the motion to dismiss.

7  **IT IS SO ORDERED.**

8  DATED:  November 23, 2009

9  _____
10  Hon. Jeffrey T. Miller
   United States District Judge

11  cc:        All parties