# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK FRANK LATIMER,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br>WILLIAM B. KOLENDER; COUNTY OF SAN DIEGO, et al.<br><br>　　　　　　　　　　　Defendants. | CASE NO. 05cv2090 JM(JMA)<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

Defendant Beverly Orr moves for summary judgment on all claims alleged against her in Plaintiff Derek Frank Latimer's Fourth Amended Complaint ("FAC"). Plaintiff did not file an opposition to the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, and based upon Plaintiff's failure to file an opposition or to meet his summary judgment burden, the court grants the motion for summary judgment in its entirety. The Clerk of Court is instructed to enter final judgment in favor of all Defendants and against Plaintiff Latimer and to close the file.

**BACKGROUND**

On November 9, 2005 Plaintiff commenced this civil rights action alleging that Defendants were deliberately indifferent to his serious medical needs during his incarceration at the George Bailey Detention Facility from August 2004 to January 2005. (FAC at p.9). Plaintiff's FAC is based upon the following allegations.

Plaintiff alleges that he suffers from several medical conditions consisting of deep vein

1  thrombosis, complications of brawny edema, a stasis ulcer, and venous insufficiency. FAC at p.5.
2  His medical conditions allegedly cause swollen extremities and he is prone to blood clots. Id.
3  Plaintiff takes several medications for his medical conditions. Id. He has suffered three previous
4  pulmonary embolisms. Id.

5  Plaintiff was arrested on August 20, 2004 and transported to the San Diego County Jail. As
6  a part of the booking process, Plaintiff was interviewed by a nurse, Defendant Beverly Orr. Plaintiff
7  informed her that he suffered from deep vein thrombosis, a stasis ulcer, his swollen legs were tender
8  and painful, he was having difficulty breathing and feeling lethargic. Id. at p.6. He also informed
9  Defendant Orr that he had not been taking care of himself and that he had not taken his medications
10 for several days. Id. Defendant Off then ordered Plaintiff placed in a holding cell. Plaintiff alleges
11 that established protocol called for her to make sure that he was "immediately seen by medical staff,"
12 and that she deliberately ignored the protocols. Plaintiff alleges that the failure to obtain immediate
13 medical attention resulted in permanent harm, including shortness of breath, painful swelling in his
14 legs, an increase in the size of his stasis ulcer, loss of feeling in three toes, short-term memory loss,
15 and emotional distress. Id. at p. 15.

16 After being moved to several different holding cells and after about 12 hours from the time of
17 admission, he was sent to the Central Infirmary. Id. at p.7. While in the infirmary he was seen by a
18 nurse and two doctors, he explained his medical conditions, and told them that he believed that he was
19 having a pulmonary embolism. "During this time I was never given a medical exam including exrays
20 (sic), ultra sound, and a CAT scan, all of which are standard procedures for treating someone with my
21 condition." Id. He was then returned to a holding cell

22 After a period of time, he spoke with the Classification and Housing Sergeant and told him that
23 he "needed immediate attention because [he] was on conscious (sic) for extended periods of time and
24 was having difficulty breathing." Id. His request to be housed in the Infirmary was denied. Instead,
25 Plaintiff was placed with the general population. Within a day or two he received further medical
26 attention.

27 On January 2, 2008, June 3, 2008, October 30, 2008, August 28, 2009, November 23, 2009,
28 the court entered Orders granting in part and denying in part Defendants' motions to dismiss. The

only remaining Defendant, Beverly Orr, now moves for summary judgment. Defendant did not file a response to the motion.

## DISCUSSION

**Legal Standards**

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Prison Legal News v. Lehman, 397 F.3d 692, 698 (9th Cir. 2005). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials <u>negating</u> the opponent's claim." Id. (emphasis in original). The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citation omitted). The opposing party also may not rely solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court must examine the evidence in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Any doubt as to the existence of any issue of material fact requires denial of the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). On a motion for summary judgment, when "'the <u>moving party</u> bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial.'" Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis in original) (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992)).

**The Motion for Summary Judgment**

Plaintiff's claims arise from the alleged delay or denial of medical care in violation of the

1  Eighth Amendment right to be free from cruel and unusual punishment.[1]  The Eighth Amendment
2  prohibits punishment that involves the "unnecessary and wanton infliction of pain."  Estelle v.
3  Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)).  This
4  principle "establish[ed] the government's obligation to provide medical care for those whom it is
5  punishing by incarceration." Id.  The Supreme Court has noted that "[a]n inmate must rely on prison
6  authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." Id.;
7  West v. Atkins, 487 U.S. 42, 54-55 (1988).

8  As set forth in previous orders, prison officials violate a prisoner's Eighth Amendment right
9  to be free from cruel and unusual punishment if they are deliberately indifferent to the prisoner's
10 serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hunt v. Dental Dep't, 865 F.2d
11 198, 200 (9th Cir. 1989).  "Regardless of how evidenced, deliberate indifference to a prisoner's
12 serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105.  "This is true
13 whether the indifference is manifested by prison doctors in their response to the prisoner's needs, or
14 by prison guards in intentionally denying or delaying access to medical care or intentionally
15 interfering with the treatment once prescribed." Id. at 104-05 (footnotes omitted).

16 Here, the court grants Defendant Orr's motion for summary judgment for two reasons.  First
17 and foremost, Plaintiff fails to come forward with any evidence to show that he had a serious medical
18 need or that Defendant Orr was deliberately indifferent to that medical need.  Under Fed.R.Civ.P. 56,
19 Plaintiff must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions,
20 answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a
21 genuine issue for trial.'" Celotex, 477 U.S. at 324.  Accordingly, Plaintiff fails to meet his summary
22 judgment burden and judgment is appropriately entered against him.  Second, Defendant Orr has come
23 forward with competent evidence to show that she was not deliberately indifferent to Plaintiff's
24 medical needs.  The evidence shows that Plaintiff was never in medical distress and that he received
25 appropriate evaluations and treatments.  (Smith Decl. Exh. 1 - 3; Axtman Exh. 4 - 6).

---

[1] Although Plaintiff was a pretrial detainee at the time he was allegedly denied medical care, and therefore subject to a Fourteenth Amendment analysis, the court applies the same analysis as imposed by the Eighth Amendment: "persons in custody ha(ve) the established right not to have officials remain deliberately indifferent to their serious medical needs." Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (quoting Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996).

1    In sum, the court grants summary judgment in favor of Defendant Orr and against Plaintiff Latimer. As all claims against all parties have now been adjudicated in favor of all Defendants and against Plaintiff, the Clerk of Court is instructed to enter final judgment in the case and to close the file.

**IT IS SO ORDERED.**

DATED:  May 10, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties